Paul Y. Feng (SBN 146889)
pfeng@onellp.com
John Lord (SBN 216111)
jlord@onellp.com
**ONE LLP**
4000 MacArthur Blvd., East Tower, Suite 500
Newport Beach, California  92660
Tel:   949.444.5677
Fax:   949.258.5081

Stephen M. Lobbin (SBN 181195)
sml@eclipsegrp.com
**THE ECLIPSE GROUP LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:   949.851.5000
Fax:   949.851.5051

Attorneys for Plaintiff/Counterdefendant

Joseph A. Mandour, III (SBN 188896)
jmandour@mandourlaw.com
Ben T. Lila (SBN 246808)
blila@mandourlaw.com
Gordon E. Gray (SBN 175209)
ggray@mandourlaw.com
**MANDOUR & ASSOCIATES, APC**
2030 Main Street, Suite 1300
Irvine, CA  92614
Tel:   949.474.9330
Fax:   949.474.9390

Attorneys for Defendants/Counterclaimants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Cordelia Lighting, Inc.**, a California corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>**Zhejiang Yankon Group Co., Ltd. d/b/a Energetic Lighting**, a China company, and **Yankon Industries Inc.**, a California corporation,<br><br>                Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 5:14-CV-00881-JGB-SP<br><br>**AMENDED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**<br><br>Honorable Sheri Pym |

# **ORDER**

Pursuant to Fed. R. Civ. P. 26, and having considered the stipulation of the parties, and good cause appearing, IT IS HEREBY ORDERED THAT:

1.  This Order shall govern all documents and other materials produced by any party to this action during the course of discovery or pre-trial proceedings.

2.  A party to this action who produces or provides documents, things, materials, testimony, or other information reasonably believed to comprise or contain confidential information, may designate such information as either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Information designated as "CONFIDENTIAL" is information which is not publically available, including "a trade secret or other confidential research, development, or commercial information" as provided in Fed. R. Civ. P. 26(c)(1)(G), or material required to be kept confidential by state or federal law, or private or confidential personal information. Information designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" is information that is extremely sensitive business or personal information, the disclosure of which would create a substantial risk of significant harm to an individual or to the business or competitive position of the party. Such extremely sensitive information may include, but is not limited to, current and recent financial information, future marketing and development plans, prescribed operations standards and policies, and any party's forms or manuals bearing a printed legend indicating that they are confidential or for the exclusive use of any party's employees, independent contractors, franchisees and/or licensees.

3.  A document or material comprising or containing confidential information shall be designated by prominently stamping or marking it with the term "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." If a document designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" consists of multiple pages, each page of the document shall be so

stamped or marked. Attorneys for the parties, as officers of the Court, shall designate documents or other material only when they have a good faith belief that the document or other material is entitled to the protections of this Order.

4. With respect to deposition testimony, a party shall state, on the record, all testimony designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Alternatively, at the commencement of a deposition, counsel may temporarily designate the entire deposition; but where such an initial designation is made, unless the designating party, within thirty (30) days after receipt of the transcript, designates only the specific portions of the transcript deemed confidential (and serves those re-designations), then no portion of the deposition need be treated as confidential.

5. Information designated as either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be used solely for the purpose of the prosecution or defense of this litigation, and any and all appeals, and shall not be disclosed in any manner to any person except as provided in this Order.

6. If any party believes that any other party or non-party has unreasonably designated any information pursuant to this Order, or believes that it is necessary to disclose designated material or testimony to persons other than those permitted by this Order, and the producing party does not agree to change the designation or to the further disclosure, the objecting party may make an appropriate application to this Court pursuant to Local Rule (C.D. Cal.) 37 (including the joint stipulation requirement) upon notice to all parties and to any non-party who designated the information, requesting that the specifically-identified designated information be released from restriction under this Order or be available to specified other persons.

7. Documents produced or testimony given under this Order shall be retained in the office of counsel until required by the Court to be filed in the case.

8. Counsel for the parties shall be responsible for assuring that access to "CONFIDENTIAL" information shall be permitted only to (a) counsel of record and

their employees assisting counsel in this litigation as well as in-house counsel of the parties; (b) no more than one officer or employee of each of the parties who is assisting that party in this litigation; (c) outside consultants or experts who are retained to assist the parties in the litigation; (d) the Court, in camera, and to its court reporters; (e) deposition court reporters and their staff; (f) the actual deposition witnesses and disclosed prospective trial witnesses, to the extent the confidential information may reasonably be believed to relate to their testimony; (g) mediators or arbitrators mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement of this action; (h) other persons as the parties may agree to in writing; and (i) others permitted by order of the Court.

9. Counsel for the parties shall be responsible for assuring that access to "CONFIDENTIAL-ATTORNEY'S EYES ONLY" information shall be permitted only to (a) counsel of record and their employees assisting counsel in this litigation; (b) outside consultants or experts who are retained to assist the parties in the litigation; (c) the Court, in camera, and to its court reporters; (d) deposition court reporters and their staff; (e) any person identified by the producing party or identified on the face of a protected disclosure as an author, recipient, or authorized custodian of the disclosure or the protected information contained therein; (f) mediators or arbitrators mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement of this action; (g) other persons as the parties may agree to in writing; and (h) others permitted by order of the Court.

10. An adverse party shall not file any confidential information with the Court, except pursuant to Local Rule (C.D. Cal.) 79-5, in a sealed envelope marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." No person having access to any confidential information shall disclose in any manner its contents to any person other than those described herein. No such disclosure shall be made for any purpose other than those specified in this Order. If any party wishes to disclose confidential information to others beyond the person specified in

Paragraphs 8 or 9 above, then that party shall before disclosure submit to the other party the name of the additional person(s), the reason for the proposed additional disclosure(s), and a fully executed copy of the form at Exhibit A to this Order. Any party opposing disclosure must within ten (10) days of receipt of the notice file and serve an appropriate motion for a protective order.

11. Because it is possible that a document will be produced in error without a proper confidentiality designation, the producing party may, within five (5) business days thereafter, identify each such undesignated document, as well as any copy of each such document, and request that such document be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Upon receipt of such a request, the receiving party shall thereafter mark such document as constituting or containing "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" information and shall treat such document in accordance with the provisions of this Order.

12. Counsel for the parties shall be responsible for informing witnesses, as necessary, of the contents of this Order, and prior to being given access to any information covered under the terms of this Order, counsel who will be disclosing such information shall provide persons identified in Paragraphs 8 and 9 (with the exception of 8(d)-(e) and 9(c)-(d)) with a copy of this Order for review, and such disclosure shall be permitted only after each such person acknowledges that he or she has read, understands and agrees to be bound by the terms of this Order, in a signed writing in the form of Exhibit A to this Order, which shall promptly be served on all parties. Counsel disclosing confidential information to any such person shall be responsible for maintaining a file containing the signatures of all such persons to whom confidential information has been disclosed. The file shall be made available to opposing counsel before trial and at the termination of this litigation, or earlier by agreement of the parties or by order of the Court for cause shown.

13. Before disclosing any confidential information to an expert or consultant, a party must first provide written notice as follows: (1) the full name of the consultant or expert, and the city and state of his or her primary residence, (2) a copy of their current resume, (3) their current employer(s), (4) each person or entity from whom they have received compensation for work in the area of expertise related to this case, or to whom they have provided professional services at any time during the preceding four years, and (5) any litigation in connection with which they have provided any professional services during the preceding four years. Thereafter, the party may disclose such confidential information to the identified consultant or expert unless, within five (5) court days of delivering the written notice, any party objects in writing, setting forth in detail the grounds for the objection. A party that receives a timely written objection must meet and confer with the objecting party to try to resolve the matter by agreement. If no agreement is reached, the objecting party may file and serve an appropriate motion for a protective order within ten (10) days of receipt of the notice.

14. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall no longer be subject to this Order and may be made a part of the public record unless an interested party files a motion seeking an appropriate and specific protective order applicable to such information within ten (10) days after a party to this action files and serves written notice of the intention to utilize the information in this action in a manner which, if not for this Order, would require the information be made a part of the public record in this case. The written notice shall sufficiently identify the information sought to be utilized but continue to preserve the confidentiality of the information.

15. Within 90 days after the conclusion of this action including any and all appeals, all confidential information in the possession or under the control of counsel, the parties or their agents, consultants or experts shall be destroyed or returned to the party producing it. The provisions of this Order as to confidentiality

1  shall not terminate with the disposition of this action, but shall continue until further
2  order of the Court. With respect to "CONFIDENTIAL" or "CONFIDENTIAL-
3  ATTORNEY'S EYES ONLY" information, after the termination of this proceeding,
4  this Order shall continue to be binding upon the parties hereto, and upon all persons
5  to whom "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY"
6  discovery materials and testimony, and all information derived therefrom, has been
7  disclosed or communicated and this Court shall retain jurisdiction over the parties
8  and all such persons for enforcement of its provisions. Notwithstanding the
9  foregoing, counsel for each party may retain all pleadings, briefs, memoranda,
10 motions, and other documents filed with the Court that refer to or incorporate
11 Confidential Information, and will continue to be bound by this Order with respect
12 to all such retained information. Further, attorney work product materials that
13 contain Confidential Information need not be destroyed, but, if they are not
14 destroyed, the person in possession of the attorney work product will continue to be
15 bound by this Order with respect to all such retained information.

16.    This Order shall not apply to any document or information which (a) is already public; or (b) has come or shall come into the receiving party's legitimate possession independent of the production by the producing party, regardless of whether such information is also contained in discovery materials designated as confidential in this case. Further, this Order shall not restrict discussions concerning confidential materials with any person who has already obtained possession of the confidential materials through legitimate means or third party witnesses to the extent they have had access to confidential information prior to the entry of this Order.

17.    If any documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" are included with any papers filed with the Court, the proposed filing shall be accompanied by an appropriate application pursuant to Local Rule (C.D. Cal.) 79-5

to file the papers, or the portion thereof containing the protected information, under seal.

18.   No party shall be obligated to challenge the propriety of the designation of any documents, things, or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," and the failure to do so shall not constitute acquiescence as to the appropriateness of the designation or otherwise preclude a subsequent challenge to the designation.

19.   The parties may withhold from production any document (or redact any portions thereof) that is subject to a good-faith objection based on the attorney-client privilege or work product privilege, as long as the withholding party promptly produces a privilege log under Fed. R. Civ. P. 26(b)(5)(A)(ii).

IT IS SO ORDERED.

Dated:  November 26, 2014               _____/s/_____
                                        Honorable Sheri Pym
                                        United States Magistrate Judge

# **EXHIBIT A**

## **UNDERTAKING TO BE BOUND BY THE PRETRIAL CONFIDENTIALITY ORDER**

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the "Amended Order Governing The Designation And Handling Of Confidential Materials" (the "Confidentiality Order") that was issued by the United States District Court for the Central District of California in the case of *Cordelia Lighting, Inc. v. Zhejiang Yankon Group Co., Ltd. d/b/a Energetic Lighting et al.*, Case No. 5:14-CV-00881-JGB-SP. I agree to comply with and to be bound by all the terms of the Confidentiality Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to the Confidentiality Order to any person or entity except in strict compliance with the provisions of the Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____, 201\_\_   Signed: _____

Printed Name: _____

# PROOF OF SERVICE

I hereby certify that I electronically filed the foregoing document—**ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**—with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Joseph A. Mandour, III
jmandour@mandourlaw.com
Ben T. Lila
blila@mandourlaw.com
Gordon E. Gray
ggray@mandourlaw.com
**Mandour & Associates, APC**
2030 Main Street, Suite 1300
Irvine, CA  92614

Attorneys for Defendants

Dated:  November 26, 2014                 /s/ Paul Y. Feng